UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY ARNOLD, JR.,** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 13-4966** |
| **CANAL BARGE COMPANY, INC.** | **SECTION "E"** |
| Defendant | |

ORDER AND REASONS

The Court has pending before it Defendant Canal Barge Company, Inc.'s motion in limine to strike or limit the testimony of Dr. Judd Shellito.[1] The Court has reviewed the briefs, the record, and the applicable law, and now issues this Order and Reasons.

BACKGROUND

This case arises out of personal injuries Plaintiff Anthony Arnold, Jr. allegedly suffered while on board the M/V HAMILTON, a towboat owned by Defendant. Plaintiff was employed by Defendant as a deckhand aboard the HAMILTON. He brings this suit for personal injuries allegedly incurred when he was assigned to clean the vessel's enclosed wheelhouse with a household ammonia product and subsequently experienced severe breathing difficulties.

According to the witness lists and pretrial order, Plaintiff intends to call Dr. Judd Shellito to testify at trial as an expert witness "concerning medical treatment provided to plaintiff including interpretation of all films, current and future medical restrictions, past medical surgeries, need for future medical surgeries, cost for past and future

---

[1] R. Doc. 45.

1

medical expenses, [and] any other relevant medical issue concerning plaintiff's medical treatment or physical condition."[2] The undisputed record reflects that Plaintiff's counsel referred Plaintiff to Dr. Shellito for evaluation.

According to the exhibits submitted by the parties, Dr. Shellito sent four letters regarding his evaluation and diagnosis of Plaintiff's condition, all of which have apparently been produced to Defendant. The first three letters preceded Plaintiff's expert disclosure deadline of April 9, 2014.[3] A fourth letter, dated May 15, 2014, was sent over a month after the expert disclosure deadline.[4] But Plaintiff did not provide any of the other elements required to be contained in a Rule 26 report.

Defendant moves to exclude or limit this testimony. He contends that Dr. Shellito is a retained expert and therefore Plaintiff was required to timely produce an expert report complying with Federal Rule of Civil Procedure 26. Because no satisfactory Rule 26 report was provided, Defendant moves to exclude the testimony. Plaintiff responds that if he failed to comply with the Rule, whatever prejudice Defendant suffered can be cured with a sanction less severe than striking or limiting Shellito's testimony.

## LAW & ANALYSIS

Parties must "disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). If the witness "is one retained or specially employed to provide expert testimony in the case," then the disclosure "must be accompanied by a written report" containing "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or

---

[2] R. Doc. 38 at 22.
[3] R. Doc. 18; R. Doc. 45-2 at 2, 16, 18.
[4] R. Doc. 45-2 at 19.

data considered by the witness in forming them," "any exhibits that will be used to summarize or support them," "the witness's qualifications, including a list of all publications authored in the previous 10 years," "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," and "a statement of the compensation to be paid for the study and testimony in the case." *Id.* at 26(a)(2)(B).

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In deciding whether to strike non-compliant testimony, the Court must consider four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *E.g.*, *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

In this case, Plaintiff timely designated Shellito as a witness he intended to use to offer expert testimony by listing him as an expert in the witness list. Because Plaintiff's counsel referred Plaintiff to Dr. Shellito for evaluation, it is equally clear that Dr. Shellito was "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). *Tolliver v. U-Haul Co. of Tex.*, 2011 WL 3626328, at *3 (W.D. La. Aug. 17, 2011). Therefore, Plaintiff was required to provide a Rule 26(a)(2)(B) report containing all of the requirements of that provision. Plaintiff did not provide every element required of a satisfactory Rule 26 report. Accordingly, the Court turns to the four factors to determine whether Plaintiff's failure to comply with the Rules warrants striking or limiting Shellito's testimony.

First, Plaintiff offers no explanation for his failure to comply with Rule 26. Although he asserts that he "did not actually fail to submit a report,"[5] this is not accurate. Dr. Shellito's letters may have described the substance of his opinions and diagnoses regarding Plaintiff's condition, but neither Plaintiff nor Shellito provided a clear articulation of the facts or data underlying those opinions, or Shellito's qualifications, or any prior testimony as an expert, or his compensation, as required by Rule 26. Plaintiff does not explain these omissions, and that lack of explanation favors Defendant.

Second, Shellito's testimony appears to be very important to Plaintiff. As best the Court can discern from the pretrial order, Dr. Shellito is the sole expert Plaintiff will call to testify about Plaintiff's actual physical condition. And Plaintiff argues that Shellito's testimony is "critical to plaintiff's case in terms of establishing a definitive diagnosis and causation."[6] Although the importance of the disputed testimony cannot "singularly override the enforcement of local rules and scheduling orders," this factor favors Plaintiff and weighs against striking his testimony entirely. *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007) ("Applying the second factor as intended . . . we find that it weighs in favor of the plaintiff, whose case depends on the excluded witnesses.").

Third, the prejudice to Defendant is not as severe as Defendant protests, and can be mitigated further. Defendant had Shellito's first three letters before the expert disclosure deadline, and thus was notified of the nature of his opinions. But Defendants are correct that because of the deficiencies in Plaintiff's disclosure and the

---

[5] R. Doc. 46 at 4.
[6] *Id.*

4

corresponding difficulties in deposing Shellito, it is appropriate to limit his trial testimony to the four corners of those three letters. And Shellito may not testify at all regarding any opinion expressed in his fourth letter, dated May 15, 2014, which was provided over a month after Plaintiff's expert disclosure deadline. In addition, Plaintiff must establish at trial that Dr. Shellito is qualified to offer his opinions, and Defendant shall have an opportunity to cross-examine him on his qualifications.

Furthermore, by 5:00 p.m. on Tuesday, June 17, 2014, Plaintiff shall produce to Defendant all missing elements of a proper Rule 26 expert report for Dr. Shellito's testimony, including a listing of the facts or data considered by him and any clinic notes not yet produced; Dr. Shellito's qualifications; a list of all other cases in which he has testified as an expert in the previous four years; and a statement of his compensation. With these limitations and supplements in place, the prejudice to Defendant is diminished sufficiently so that the third factor is only minutely in favor of Defendant and disfavors striking Dr. Shellito's testimony entirely.

The Court need not reach the fourth factor, the availability of a continuance, because the prejudice caused by Plaintiff's defective disclosure can be mitigated without disrupting the trial date.

Considering all four of those factors in the specific context of this case, the Court concludes that Dr. Shellito's testimony should not be excluded entirely, but should be limited as set forth herein.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's motion to exclude and limit expert testimony is **GRANTED IN PART**. As set forth above, by **5:00 p.m., Tuesday, June 17, 2014,** Plaintiff shall produce to Defendant all missing elements

from Dr. Shellito's expert disclosure, including a listing of the facts or data considered by him and any clinic notes not yet produced; Dr. Shellito's qualifications; a list of all other cases in which he has testified as an expert in the previous four years; and a statement of his compensation.

**IT IS FURTHER ORDERED** that at trial, Dr. Shellito's testimony shall be restricted to the opinions expressed in his letters dated June 27, 2013, August 8, 2013, and February 19, 2014.

New Orleans, Louisiana, this 16th day of June, 2014

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE