UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY ARNOLD, JR.,** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 13-4966** |
| **CANAL BARGE COMPANY, INC.** | **SECTION "E"** |
| Defendant | |

ORDER AND REASONS

The Court previously issued an order granting in part and denying in part Defendant's motion to strike the testimony of Dr. Judd Shellito, an expert witness retained by Plaintiff.[1]  Pursuant to that order, the Court restricted Dr. Shellito's testimony to the four corners of his three timely letters and ordered Plaintiff to produce the elements missing from Dr. Shellito's Rule 26 disclosures.[2]  After Plaintiff failed to comply, the Court held a status conference at which the Court continued the trial and granted Defendant's oral motion for a *Daubert* hearing regarding Dr. Shellito.[3]  The Court then held a two-day *Daubert* hearing and heard testimony from and cross-examination of Dr. Shellito regarding his opinions in this case and his diagnosis of Plaintiff.  In light of the testimony at that hearing, the post-hearing briefing, and the applicable law, the Court concludes that Dr. Shellito may testify at trial, subject to the previously imposed restriction to the contents of his June 27, 2013, August 8, 2013, and February 19, 2014 letters.

The Federal Rules of Evidence permit an expert witness with "scientific, technical

---

[1] R. Doc. 50.
[2] *Id.* at 5-6.
[3] R. Doc. 57.

1

or other specialized knowledge" to testify if such testimony "will help the trier of fact to understand the evidence or to determine a fact in issue," so long as "the testimony is based upon sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  Courts, as "gatekeepers," are tasked with making a preliminary assessment whether expert testimony is both reliable and relevant.  *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993)).  The party offering the expert opinion must show by a preponderance of the evidence that the expert's testimony satisfies Rule 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002).

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact.  *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).  Thus, "'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'"  *Pipitone*, 288 F.3d at 250 (quoting *Daubert*, 509 U.S. at 596).  The Court is not concerned with whether the opinion is correct, but whether the preponderance of the evidence establishes that the opinion is reliable.  *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012).  "It is the role of the adversarial system, not the court, to highlight weak evidence." *Primrose*, 382 F.3d at 562.

The Court heard Dr. Shellito's testimony at the Daubert hearing and is satisfied at this time that his methodology is sufficiently reliable to pass muster under Rule 702. Defendant's criticisms, though significant, go to the weight of Dr. Shellito's opinions and

are better addressed through vigorous cross-examination regarding the accuracy of the patient history on which he based his diagnosis and presentation of contrary opinion testimony. With the benefit of context at trial, including testimony regarding the underlying facts and the expected testimony from Plaintiff's air modeling expert and toxicologist, the Court will be in a better position to limit the scope of Dr. Shellito's testimony, if necessary.[4]

The Court also concludes that the facts of the *Sigler* case are substantially different from Plaintiff's allegations in this case. Dr. Shellito's exclusion from that case has no bearing on the relevance and admissibility of his opinions in this case. *E.g.*, *McDowell v. Atlantic Sounding Co.*, 2012 WL 1656262, at *3 n.6 (E.D. La. May 10, 2012) (assessing admissibility of an expert opinion "on a case by case basis" without reference to the expert's "record").

For the foregoing reasons, **IT IS ORDERED** that Defendant's Daubert challenge to Dr. Shellito's testimony is **DENIED**.

New Orleans, Louisiana, this 21st day of July, 2014

                                           *Susie Morgan*
                                           SUSIE MORGAN
                                           UNITED STATES DISTRICT JUDGE

---

[4] Defendant also reiterates its contention that it has been prejudiced by the course of disclosure of materials underlying Dr. Shellito's opinions and that his testimony should be excluded pursuant to Rule 37. The Court first notes that Defendant did not depose Dr. Shellito until after the final pretrial conference; thus, any dissatisfaction with the state of Dr. Shellito's disclosures falls at least in part on Defendant's doorstep. And having conducted the Daubert hearing, the Court has no doubt that Defendant has not been significantly prejudiced and will be able to cross-examine Dr. Shellito effectively. The motion to strike on the basis of Rule 37 is denied.