UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY ARNOLD, JR.,** | **CIVIL ACTION** |
| Plaintiff | |
| | **NO. 13-4966** |
| **VERSUS** | |
| **CANAL BARGE COMPANY, INC.** | **SECTION "E"** |
| Defendant | |

**ORDER**

The Court now issues this Order addressing the parties' objections to exhibits:[1]

1. **Exhibit 29** (written statement by Plaintiff)

Plaintiff objects to the exhibit as hearsay but does not object to its use for impeachment purposes. Defendant responds that it will use the exhibit as impeachment evidence. The objection is **MOOT**.

2. **Exhibits 30 and 31** (dental records)

Plaintiff objects to relevance. Defendant responds that it wants to use the records to impeach Plaintiff's credibility with respect to a claim for tooth decay which he has since abandoned.[2] Exhibit 31 has not been produced in discovery to Plaintiff or provided to the court and the objection to Exhibit 31 is **SUSTAINED**. Considering that tooth decay is no longer an issue for trial, the Court concludes that whatever minimal relevance Exhibit 30 might have is substantially outweighed by the danger of confusing the issues and wasting time; therefore, the objection to Exhibit 30 is **SUSTAINED**.

---

[1] R. Docs. 51, 55.
[2] R. Doc. 58 at 1.

3. **Exhibit 32** (Records from the fire department where Plaintiff volunteered)

Plaintiff objects to this exhibit because it has not been produced yet, and reserves the right to assert other objections upon receipt. Defendant states it has subpoenaed the records but has yet to receive a response, and anticipates that the records will be relevant to Plaintiff's prior health and training regarding exposure to chemicals.

Exhibit 32 has not been produced in discovery to Plaintiff or provided to the court and the objection to Exhibit 32 is **SUSTAINED**.

4. **Exhibit 33** (Lasky medical records/report)

Plaintiff objects to the entire exhibit because Dr. Lasky is an expert who will testify at trial. Defendant concedes that Dr. Lasky's Rule 26 report should be excluded, but contends that Dr. Lasky's underlying medical records are relevant and admissible regarding Plaintiff's condition.

The objection is **SUSTAINED** as to the Lasky report (pages 1, 5-10, and 21-39 of Exhibit 33) but **OVERRULED** with respect to the records (pages 2-4 and 11-20).

5. **Exhibit 34** (EPA report)

Plaintiff objects that the document was not produced in discovery. Defendant responds that Plaintiff's own air modeling expert relied on it.

The objection is **OVERRULED** to the extent that Defendant may cross-examine Plaintiff's expert witness about the report to the extent that he relied on the report. The report itself is inadmissible pursuant to Federal Rule of Evidence 803(18).

6. **Exhibit 35** (November 20, 2013 letter to Plaintiff regarding health and disability plans)

Plaintiff objects to the relevance of the exhibit. Defendant responds that it is relevant to Plaintiff's damages because after the alleged incident he received short-term

disability benefits for a different illness and long-term disability benefits from Defendant.

Even if Defendant shows its entitlement to a setoff against an eventual verdict, evidence of past benefits paid should not be presented to the jury. *See Phillips v. W. Co. of N.A.*, 953 F.2d 923, 934 (5th Cir. 1992). Plaintiff's objection to Exhibit 35 is **SUSTAINED**.

7. **Exhibit 36** (November 19, 2013 letter from Defendant's counsel to Plaintiff's counsel requesting Plaintiff's medical records and identities of his treating physicians)

Plaintiff objects to relevance. Defendant responds that it is relevant to his claim for future maintenance and cure

The Court defers ruling on the objection to Exhibit 36 until trial.

8. **Exhibits 37 & 39** (Medical records/clinic notes from Dr. Shellito)

The documents Plaintiff wishes to introduce in Exhibit 39 (as supplemented by Plaintiff) are included in Exhibit 37 (as supplemented by Defendant). Exhibit 39 is excluded as redundant and Exhibit 39 is admissible.

9. **Exhibits 38 & 40** (email chain between counsel)

Counsel have withdrawn the objections to these exhibits and the objections are therefore **MOOT**.

10. **Exhibit 41** (medical records subpoenaed from LSU Healthcare Center)

Defendant wishes to add a new Exhibit 41 to the bench books and represents that Plaintiff does not object to adding Exhibit 41 as an objected-to exhibit. Because Exhibit 41 consists of subpoenaed medical records related to Dr. Shellito's opinions, and thus is similar to Exhibit 37, Exhibit 41 is admissible for the same reasons.

New Orleans, Louisiana, this 5th day of August, 2014

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

4