UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY ARNOLD, JR., | CIVIL ACTION |
|   Plaintiff | |
| | NO. 13-4966 |
| VERSUS | |
| CANAL BARGE COMPANY, INC. | SECTION "E" |
|   Defendant | |

### ORDER

Before the Court are Plaintiff's and Defendant's objections to portions of the deposition testimony of Roberta Bell, Plaintiff's retained neuropsychologist.[1] The Court has reviewed the responses[2] and rules as follows.

As a threshold matter, Defendant contests Plaintiff's assertion of objections not raised on the record at Bell's deposition. Bell was deposed specifically to preserve her testimony for trial in light of her unavailability at the rescheduled trial.[3] Defendant contends, therefore, that all objections to her testimony should have been made on the record and Plaintiff cannot assert additional objections now.[4] No such agreement appears in the transcript of the deposition. But plainly counsel could have objected to the form of questions and where counsel did not so object, the Court will consider the objections waived.

As to Defendant's objection to lines 9:11-10:11 as outside the scope of Bell's report, the objection is **OVERRULED**. The testimony is general and consistent with the content of her Rule 26 report.

---

[1] R. Docs. 80, 81.
[2] R. Docs. 83, 86.
[3] R. Doc. 73.
[4] R. Doc. 83 at 1-2.

1

As to Plaintiff's objections to lines 18:15-22:2, 23:12-24:11, 28:4-32:2, 38:13-42:22, the objections are **OVERRULED**. Plaintiff objects to fifteen pages of transcript because it purportedly is more like substantive cross-examination than examination of Dr. Bell's qualifications. The objection has no apparent legal basis and is overruled.

As to Plaintiff's objection to the inquiry at lines 34:1-38:9 regarding Bell's exclusion in other cases, the objection is **SUSTAINED**. Such matters are not relevant. *See McDowell v. Atl. Sounding Co.*, 2012 WL 1656262, at *3 n.6 (E.D. La. May 10, 2012).

As to Defendant's objection to lines 50:11-53:9 as outside the scope of Bell's Rule 26 report, the objection is **SUSTAINED**. Although the review of medical records contained in the Rule 26 report notes "hypoxemia," Bell did not opine in her report regarding the meaning or significance of that note. Therefore, the testimony is outside the scope of the report and inadmissible.

As to Defendant's objection to lines 89:9-25, the objection is **OVERRULED**. This general testimony relates to Bell's opinions regarding Plaintiff's cognitive limitations and appears to be within her expertise as a neuropsychologist.

As to Defendant's objection to lines 90:1-91:25, the objection is **SUSTAINED**. Bell did not opine as to causation in her Rule 26 report and this testimony is outside the scope of her report.

As to Plaintiff's "asked-and-answered" objections to lines 106:14-15, 126:21-127:1, 133:13-20, 137:20-138:3, 171:16-18 are **OVERRULED**. The objections could have been asserted and preserved at the deposition.

As to Plaintiff's objections to lines 106:16-24, 107:23-112:22, 114:4-115:8, 142:17-143:15, 143:25-145:5, 175:21-23, 176:3-15, based on relevance, mischaracterization of

Bell's testimony, lack of foundation, and assumption of facts not in evidence, the objections are **OVERRULED**.  The questions were appropriate for cross-examination and Defendant was entitled to inquire about facts it intends to prove at trial and how those facts would affect Bell's opinions.

As to Plaintiff's objection to line 121:7-8 based on mischaracterization of Bell's testimony, the objection should have been asserted at the deposition and is **OVERRULED**.

As to Plaintiff's objection to lines 127:6-11 and 127:17 based on mischaracterization of Plaintiff's testimony, the objection is **OVERRULED**.  Defendant was entitled to inquire regarding facts it intends to prove at trial and how those facts would affect Bell's opinions.  The question, objection, and answer are admissible.

As to Plaintiff's objections to lines 127:19-129:23 and 136:17-137:19, the objections are **OVERRULED**.  The questions were reasonable subjects for cross-examination of an expert who opines that Plaintiff's "cognitive impairments [are] judged to be consistent with expectations based upon a medically reported history of chemical exposure."[5]

As to Plaintiff's objection to lines 172:22-24, the objection is **OVERRULED**.  Defendant was entitled to inquire about facts it intends to prove at trial inconsistent with the history Plaintiff provided to Bell.

As to Plaintiff's objection to the testimony between lines 173:21-174:18 as compound, the objection was preserved and is **SUSTAINED**.

As to Defendant's objection to lines 180:3-181:10 based on vagueness, ambiguity, and mischaracterization, the objection is **OVERRULED**.  The question was reasonable

---

[5] R. Doc. 72-1 at 9.

for redirect examination.

As to Defendant's objection to lines 181:17-24 based on nonresponsiveness, the objection is **OVERRULED**.

As to Defendant's objection to lines 185:16-187:9 as exceeding the scope of direct examination, the objection is **OVERRULED** as to lines 185:16-21, as Defendant opened the door to the line of inquiry on cross-examination, and **MOOT** as to lines 185:22-187:9 because Plaintiff withdraws its designation of that testimony.

As to Defendant's objection to lines 188:3-12 based on non-responsiveness, the objection is **OVERRULED**, as Bell was independently clarifying her testimony.

Accordingly, the objections are **OVERRULED** except as to 34:1-38:9, 50:11-53:9, 90:1-91:25, 173:21-174:18, 185:22-187:9, which shall be redacted from the recording and transcript of the deposition.

New Orleans, Louisiana, this 8th day of August, 2014

*Susie Morgan*
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE